

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA WAYNE WHITE, | |
| Petitioner, | 3:07-cv-0184-BES-VPC |
| vs. | ORDER |
| E.K. McDANIEL, et al., | |
| Respondents. | |

On April 16, 2007, Joshua Wayne White, formerly a Nevada prisoner, initiated this habeas corpus action by filing a Petition for Writ of Habeas Corpus (docket #1). Petitioner subsequently paid the $5 filing fee (docket #4). On February 7, 2008, the petition was ordered served upon respondents (docket #5).

On April 7, 2008, respondents filed a motion to dismiss (docket #8).

On April 8, 2008, the court issued an order (docket #9) providing petitioner with instruction regarding his response to the motion to dismiss, pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

The last address provided to the court by petitioner was at Ely State Prison (ESP). Copies of the February 7 and April 8 orders were sent to petitioner at that address, but were returned to the court, undelivered, with notations on the envelopes indicating that petitioner is no longer located at ESP. It appears that petitioner has not complied with Local Rule LSR

///

1  2-2, in that he has not notified the court of his change of address. The court will, therefore,
2  dismiss this action.

3  Furthermore, as respondents point out, the habeas petition in this case raises issues
4  regarding conditions of confinement at ESP – ESP's "double bunking policy." Habeas corpus
5  proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of
6  confinement. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991), quoting *Preiser v.*
7  *Rodriguez*, 411 U.S. 475 (1973). A civil rights action, on the other hand, is the proper method
8  of challenging conditions of confinement. *See id.* Petitioner states explicitly in his petition that
9  he is not challenging his state court judgment; rather, he is challenging only the conditions of
10 his confinement. Petition for Writ of Habeas Corpus (docket #1), p. 1. Habeas jurisdiction is
11 absent, and a civil rights action under 42 U.S.C. § 1983 proper, where a successful challenge
12 to prison conditions will not shorten the prisoner's sentence. *See Ramirez v. Galaza*, 334 F.3d
13 850, 859 (9th Cir. 2003). That is the case here. There is no indication that any of petitioner's
14 claims in this action have any bearing whatsoever upon the length of his prison sentence.
15 Petitioner's claims are not cognizable in this habeas corpus action.

16 Even if petitioner's claims regarding double bunking at ESP were cognizable in this
17 habeas action, petitioner's claims are moot. Petitioner is no longer housed at ESP.

18 Therefore – because petitioner has not kept the court apprised of his current address,
19 because petitioner's conditions-of-confinement claims are not cognizable in this habeas action,
20 and because petitioner's claims are moot – respondents' motion to dismiss will be granted,
21 and this action will be dismissed.

22 The court will deny petitioner a certificate of appealability. The standard for issuance
23 of a certificate of appealability calls for a "substantial showing of the denial of a constitutional
24 right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as
25 follows:

26 > Where a district court has rejected the constitutional claims on the
> merits, the showing required to satisfy §2253(c) is straightforward:

2

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The dismissal of this action plainly is not subject to reasonable debate. Accordingly, the court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #8) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT ACCORDINGLY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this _____ day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

3